Paul Edward ARCHIE, Appellant,

v.

The STATE of Texas, Appellee.

No. 62143.

Court of Criminal Appeals of Texas, Panel No. 2.

May 20, 1981.

Hallie Gill, Houston, for appellant.

Carol S. Vance, Dist. Atty., Larry P. Urquhart and Andy Tobias, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P.J., and TOM G. DAVIS and CLINTON, JJ.

**764**

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated rape, where the punishment was assessed by the court at twenty-five (25) years' imprisonment following a guilty verdict.

The sufficiency of the evidence is not challenged.

In two grounds of error appellant contends one on one confrontation on April 19, 1977 at the Texas Southern University, shortly after his arrest and before formal charges were filed, at which the prosecutrix identified him violated his Sixth Amendment right to counsel, and was so suggestive so as to violate the due process clause of the Fourteenth Amendment and that any testimony based on said confrontation should have been excluded.

■ This court has refused to extend the holdings of *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), so as to require counsel at, on or near the scene during confrontation between a suspect and a witness occurring shortly after the commission of a crime, or in other circumstances which necessitate a prompt identification, there being a reasonable elasticity as to time and place. *Writt v. State*, 541 S.W.2d 424 (Tex.Cr.App.1976), and cases there cited.

Further, as appellant recognizes, *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), held that a showup after arrest but before the initiation of any adversary criminal proceedings, unlike the post-indictment involved in *Gilbert* and *Wade,* is not a criminal prosecution at which the accused, as a matter of absolute right, is entitled to counsel.

It also appears to be appellant's contention that from the totality of the circumstances the one-on-one confrontation was "so unnecessarily suggestive and conducive to irreparable mistaken identification" that he was denied due process. *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Graham v. State*, 422 S.W.2d 922 (Tex.Cr.App.1968).

■ Although identification procedures whereby suspects are viewed singly by a witness rather than by conducting a lineup has been widely condemned, *Stovall v. Denno*, supra, due process is not invariably violated by such procedure. *Biggers v. Tennessee*, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267 (1968). Each case must be considered on its own facts to determine the likelihood that a particular pre-trial confrontation resulted in irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

■ The record shows the prosecutrix was abducted near the campus of Texas Southern University and driven to a spot where she was raped by the appellant and another man on April 4, 1977. On April 19, 1977, she saw the appellant in the security office of the University police.

The record was not well developed by the one-on-one confrontation to even show the confrontation was of that type. The prosecutrix, on direct examination, made an in-court identification and then later testified that she had seen him at the police station on April 19, 1977. This was elicited without objection. Appellant's counsel also elicited from her on cross-examination she had seen the appellant at the police station. The appellant also testified he had seen the prosecutrix at the station. The record shows appellant was arrested, but does not show he was formally charged. The facts reflect that the prosecutrix had adequate opportunity to view the appellant at the time of the offenses, and her identification was not tainted by any confrontation. Further, there was no objection offered and nothing is presented for review. *Johnson v. State*, 504 S.W.2d 493 (Tex.Cr.App.1974); *Ashford v. State*, 502 S.W.2d 27 (Tex.Cr.App.1973); *Pete v. State*, 501 S.W.2d 683 (Tex.Cr.App.1973). Appellant's contentions are overruled.

Next, appellant contends he was denied the effective assistance of retained counsel, due to counsel's failure to object to the in-court identification of him by the prosecutrix.

The level of trial court performance of an appointed counsel is "reasonably effective assistance." *Ex parte Gallegos*, 511 S.W.2d 510 (Tex.Cr.App.1974). And for some years this court has looked to willful misconduct without the knowledge of the client that amounts to a breach of the legal duty of an attorney as the standard for retained counsel. *Lawson v. State*, 467 S.W.2d 486 (Tex. Cr.App.1971); *Ex parte Ewing*, 570 S.W.2d 941 (Tex.Cr.App.1978). See also *Howell v. State*, 563 S.W.2d 933, 937 (Tex.Cr.App. 1978).

*Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), stated:

"Since the State's conduct of a criminal trial itself implicates the State in the defendant's conviction, we see no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers."

In *Ex parte Duffy*, 607 S.W.2d 507, 515 (Tex.Cr.App.1980), this court recognizing the holding of the United States Supreme Court in *Cuyler v. Sullivan*, supra, held that the standard of "reasonably effective assistance of counsel" is to be used for both appointed and retained counsel when a question of the effective assistance of counsel is to be judged.

Here appellant claims ineffective assistance of counsel only because of the failure to make objection to the identification testimony. The adequacy of representation must be determined by the total representation and isolated failures to object do not render counsel ineffective. *Ex parte Ewing*, supra; *Long v. State*, 502 S.W.2d 139 (Tex.Cr.App.1973). Viewing total representation and the limited claim of the appellant in his ground of error, we overrule appellant's contention.

Appellant contends that the court erred in communicating with the jury other than in writing in violation of Article 36.27,

V.A.C.C.P. Appellant contends the trial judge communicated orally with the jury in response to a question by the jury during deliberations. This is not supported by the record. The record shows that after reading the charge to the jury prior to jury arguments by counsel, the judge orally stated that if the jury wanted the exhibits introduced to be brought to the jury room to knock on the door and tell the bailiff and not to write him (judge) a letter. Article 36.25, V.A.C.C.P., provides the exhibits shall be furnished to the jury upon their request. Article 36.27, supra, does require any communication between court and jury "relative to the cause" be in writing. While the court's oral statement as to how the jurors could proceed was not in accordance with Article 36.27, supra, there was no objection to the statement. Nothing is presented for review.

In a ground of error appellant urges three segments of the prosecutor's argument were improper. This ground is multifarious and fails to comply with Article 40.09, § 9, V.A.C.C.P. *Mendoza v. State*, 552 S.W.2d 444 (Tex.Cr.App.1977). We further find no objection to any of the argument now complained of. Nothing is presented for review. *Hargrove v. State*, 579 S.W.2d 238 (Tex.Cr.App.1979); *Smith v. State*, 541 S.W.2d 831 (Tex.Cr.App.1976) (Opinion on State's Motion for Rehearing).

Appellant also assigns as error the failure to charge on the defense of alibi. An examination of the court's charge shows the court did in fact charge on the defense of alibi. There is no merit to appellant's claim.

In his pro se brief appellant contends there was fundamental error in the court's charge when it applied the law to the facts. The indictment alleged the offense was committed with the culpable mental states of "intentionally and knowingly." The charge in applying the law to the facts charged only on the culpable mental state of "intentionally." There was no objection to the charge or any special requested charges. See Articles 36.14 and 36.15, V.A. C.C.P.

Though the statutory language of V.T. C.A., Penal Code, § 21.03 (defining aggrava-

ted rape), does not prescribe a culpable mental state, it is clear that a culpable mental state is required. V.T.C.A., Penal Code, § 6.02(b) and (c), provides:

"(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

"(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility."

The definition of aggravated rape in said § 21.03 does not plainly dispense with any mental element. A culpable mental state is an essential element of aggravated rape as required by Subsection (b) of § 6.02, supra, and that culpable mental state applicable is intent, knowledge or recklessness under the ambit of Subsection (c) of § 6.02, supra. *North v. State*, 598 S.W.2d 634 (Tex.Cr.App. 1980); *Banks v. State*, 586 S.W.2d 518 (Tex. Cr.App.1979).

Where the indictment alleges the proper culpable mental state, but the charge to the jury omits such culpable mental state, an essential element, the charge, is fundamentally defective. *North v. State*, supra; *Banks v. State*, supra; *Stidham v. State*, 590 S.W.2d 502 (Tex.Cr.App.1979), and cases there cited.

In *Stidham v. State*, supra, the attempted aggravated rape indictment charged the culpable mental state as "intentionally and knowingly." In holding the charge fundamentally defective, the court stated:

"The jury charge in the instant case failed to include the required culpable mental state of 'knowingly' *or* 'intentionally.' Such an omission of an essential element of the offense renders the charge fundamentally defective." (Emphasis supplied.)

In *Ely v. State*, 582 S.W.2d 416 (Tex. Cr.App.1979), in a prosecution for deceptive business practices, it was not error to submit to the jury culpable mental states in the disjunctive in contrast to the conjunctive pleadings in the information. See also *Moreno v. State*, 541 S.W.2d 170 (Tex. Cr.App.1976).

In *Mott v. State*, 543 S.W.2d 625 (Tex. Cr.App.1976), an aggravated assault prosecution, the indictment alleged the culpable mental states of "intentionally and knowingly" and the court charged the jury to find the defendant guilty if he acted "intentionally or knowingly." This court held that such a charge was not fundamentally defective. And in *Cowan v. State*, 562 S.W.2d 238, 240 (Tex.Cr.App.1978), an aggravated rape case, as is the instant case, this court held it was not error to overrule the defendant's objection to the submission in the charge of the culpable mental states in the disjunctive although the indictment alleged such mental states in the conjunctive.

Thus, it would appear not to be fundamental error where the indictment charged "intentionally and knowingly" in the conjunctive and the court submits to the jury the disjunctive "intentionally or knowingly." We conclude that it follows that where the indictment charges "intentionally and knowingly" and the court charges the jury on "intentionally" alone that in absence of an objection to the charge there is no fundamental error.

We have examined the other contentions in appellant's pro se brief and do not find any other contentions which should be reviewed in the interest of justice. See Article 40.09, § 13, V.A.C.C.P.

The judgment is affirmed.