Kenneth Earl JACKSON, Appellant,

v.

STATE of Texas, Appellee.

No. 04–81–00373–CR.

Court of Appeals of Texas, San Antonio.

June 30, 1982.

Rehearing Denied Oct. 26, 1982.

Discretionary Review Refused Jan. 26, 1983.

**324**

David Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Alan Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before KLINGEMAN, BUTTS and CLARK, JJ.

## OPINION

KLINGEMAN, Justice.

This appeal is from a conviction for the delivery of heroin as a repeater from a second trial for the same offense.[1] At the first trial appellant was found guilty of the offense of delivery of heroin and determined to be a repeat offender. The court assessed punishment at fifteen years confinement, the minimum punishment for this first-degree felony offense. See Tex.Penal Code Ann. § 12.42(c) (Vernon 1974). At the second trial appellant elected to have the jury assess his punishment. Appellant pled "true" to the State's prior enhancement allegation at the beginning of the hearing on punishment. After the State presented evidence, the jury found the enhancement allegation to be true and assessed punishment at twenty-five years confinement.

The State's principal witness was an undercover San Antonio Police Officer, Philip Jefferson, who arrested the appellant. Jefferson testified that appellant gave him a white, clear-colored capsule which had some powdery substance in it. He stated further that the capsule was supposed to contain heroin. In response to the question "What did you do with that capsule?", the officer said that he took it to Detective Bratton and turned it over to him.

When asked to identify State's exhibit number two, Officer Jefferson testified that it was a plastic container with his initials on the bottom. The capsule was placed inside this plastic container. After stating that he gave this capsule to Detective Bratton on the same day as the arrest of appellant, Officer Jefferson identified State's exhibit number three as a white envelope with his initials on it. He also testified that once the capsule was placed in the plastic bag it was then put into a white envelope which he initialed, sealed, and released to Detective Bratton. Detective Bratton took it to the medical examiner's

---

1. After the first trial in this cause, the trial court granted appellant a new trial pursuant to former Tex.Code Crim.Pro.Ann. art. 40.09(12) (Vernon 1979).

office. Further, Officer Jefferson testified that this was the only capsule he had in his possession that day.

After Detective Bratton identified State's exhibits number two and three as containing the capsule he received from Officer Jefferson, he testified that he returned the white envelope (State's exhibit number three which contained State's exhibit number two which contained the capsule given to him by Officer Jefferson) to the Narcotics Bureau where it was placed inside a brown envelope. The brown envelope was marked State's exhibit number four. When questioning Detective Bratton about this evidence, the prosecutor stated that this evidence was placed under laboratory number N–2973. Later, when the prosecutor was questioning the chemist about the same evidence, he established that the evidence was placed under laboratory number N–7392. Notwithstanding this discrepancy with respect to the laboratory numbers, the chemist stated that an examination of the contents of State's exhibit number two revealed that it contained heroin.

■ Appellant's fourth ground of error alleges that the evidence is insufficient to prove that the capsule which appellant allegedly delivered contained heroin. We address this ground of error first because a favorable ruling for appellant would result in a reversal and dismissal of this cause. Specifically, appellant complains that although Officer Jefferson identified State's exhibit number two as a plastic container where the capsule was placed, he did not state that it was the *same* capsule he received from appellant. Appellant asserts that Jefferson had had other capsules on his person on other occasions. Further, appellant argues that although Jefferson gave the capsule he received from appellant to Detective Bratton, neither Jefferson nor Bratton testified that he gave State's exhibit number two to Bratton. Appellant poses this argument notwithstanding the fact that Bratton also identified State's exhibit number two. Finally, appellant argues that State's exhibit number two was placed in an envelope and apparently placed under laboratory number N–2973. Appellant asserts, however, that the only testimony showing any substance to be heroin was that controlled by laboratory number N–7392. As a result, appellant concludes that heroin was never otherwise tied to appellant or to State's exhibit number two.

At first glimpse the case which appears to be analogous to the case at bar is *Jones v. State,* 538 S.W.2d 113 (Tex.Cr.App.1976). In *Jones,* the defendant, who was convicted of the offense of possession of heroin, complained in his sole ground of error that the evidence was insufficient because a chain of custody for the subject heroin had not been established. The Court of Criminal Appeals agreed and reversed the judgment.

Reviewing the evidence, the court in *Jones* pointed out that the arresting officer saw the defendant throw a balloon from the driver's window of a car he was operating. The officer seized the balloon and found inside a brownish, powdery substance which, based upon his experience, was heroin. He testified he arrested the defendant, initialed the balloon, took the defendant to the police station, and delivered the balloon to the police chemist. The officer was not asked to identify any balloon as being the *same one* he seized and initialed.

The police chemist testified that the arresting officer delivered to him a balloon filed with a substance which he later determined contained heroin. The police chemist then identified State's exhibit number one as a plastic bag containing the balloon delivered to him by the arresting officer. The police chemist also identified his own initials on the balloon. Thereafter, State's exhibit number one was admitted in evidence over the defendant's objection that a proper chain of custody had not been established.

The Court of Criminal Appeals' decision that the evidence was insufficient to show that appellant possessed heroin on the date charged was based upon the following rationale:

(1) State's exhibit number one was not shown to or identified in any manner by the arresting officer;

(2) the chemist's identification of the balloon as one delivered to him by the arresting officer is *not legally sufficient to show* that the balloon was the balloon seized by the arresting officer after he saw the defendant throw it from a car;

(3) therefore, there was no showing that State's exhibit number one was in any manner connected to the defendant.

The facts in the case at bar are distinguishable. State's exhibit number two was identified by the arresting officer as a plastic container with his initials where the capsule was placed. He then identified State's exhibit number three as a white envelope with his initials. The arresting officer testified when identifying State's exhibit number three that once the capsule was placed in a plastic bag it was then placed into a white envelope which he initialed, sealed, and released to Detective Bratton.

Since the arresting officer clearly stated that he only had one capsule in his possession on the day he arrested appellant and that he delivered the capsule to Detective Bratton the same day, there is no question that the capsule delivered to Detective Bratton was the same capsule placed in the plastic container (State's exhibit number two) and then placed in the white envelope (State's exhibit number three) and released to Detective Bratton. Therefore, the evidence did establish that State's exhibits number two and three contained the capsule that the arresting officer took from appellant on the day of the arrest.

■ In response to appellant's argument based upon the discrepancy in laboratory numbers, it is clear that the testimony of the chemist states that he examined the contents of State's exhibit number two and determined the substance contained therein to be heroin. Therefore, the evidence does establish that State's exhibit number two contained the capsule given to Officer Jefferson by appellant and the capsule contained heroin. Having determined that there was sufficient evidence to prove that

the capsule appellant delivered to Officer Jefferson contained heroin, appellant's fourth ground of error is overruled.

Appellant complains in his first ground of error that trial counsel rendered ineffective assistance to him by failing to advise him sufficiently as to the consequences of electing to have the jury assess punishment. Appellant contends that pursuant to Tex. Code Crim.Pro.Ann. art. 37.07, § 2(b)(2) (Vernon 1981), as well as *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and *Miller v. State,* 472 S.W.2d 269 (Tex.Cr.App.1971), he was entitled as a matter of right to have the trial court assess his punishment and to be assured the punishment would not exceed fifteen years confinement. Appellant argues that his election to have the punishment assessed by the jury, which was not limited to the minimum punishment of fifteen years, *see Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973); *Curlin v. State,* 505 S.W.2d 889 (Tex.Cr.App.1974), can only be the result of ineffective assistance of trial counsel. Appellant bases this argument on the rationale that fifteen years confinement was the minimum punishment for a first-degree felony, enhanced by a prior felony conviction. *See* Tex.Penal Code Ann. § 12.42(c) (Vernon 1974). As a result, appellant could not gamble that the jury would assess a lower punishment than he received at the first trial. Thus appellant asserts that he had no reason to go to the jury for punishment and it should be conclusively presumed that his election to do so was because his trial counsel failed to advise him sufficiently to the contrary.

■ Appellant acknowledges that ordinarily a single·inaction by trial counsel will not result in a finding of ineffective assistance as a matter of law. Rather, the general rule is that a determination of ineffective assistance should be gauged by the totality of the representation. *See Mercado v. State,* 615 S.W.2d 225 (Tex.Cr.App.1981); *Archie v. State,* 615 S.W.2d 762 (Tex.Cr.

App.1981).[2] Appellant argues, however, that there should be an exception to this general rule where a single inaction of trial counsel materially harms the accused and there is absolutely no reasonable basis for counsel's inaction. Appellant submits that under such circumstances trial counsel should be deemed ineffective as a matter of law.

Asserting that this case presents one of those rare instances where trial counsel's ineffectiveness is clear despite the absence of evidence showing whether counsel had a reasonable basis for his inaction, appellant requests this court to reverse the judgment and remand the case for a new trial.[3] In the alternative, appellant asks this court to abate the appeal and remand the case to the trial court for a hearing to determine whether or not trial counsel's inaction had a reasonable basis.

█ Appellant's contention that he was entitled as a matter of right to have the trial court assess his punishment and to be assured the punishment would not exceed fifteen years confinement is without merit. In order to prevent "vindictiveness against a defendant for having successfully attacked his conviction" *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), requires "that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reason for doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentence." *Id.* at 726, 89 S.Ct. 2081. In the case at bar appellant's attorney may have been aware of "objective information concerning identifiable conduct on the part of the defendant occurring after the time of

the original sentence" which might have caused the trial judge to assess a greater sentence upon appellant than the fifteen years confinement imposed at the first trial. If so, there would be a reasonable basis for trial counsel permitting appellant to elect to have the jury assess punishment and appellant's argument of ineffective assistance of counsel would be without merit. Therefore, a hearing should be conducted in the trial court to establish whether objective information could have been made available to the trial court which might have resulted in the imposition of a more severe punishment than the fifteen years assessed at the first trial and thereby determine whether there was a reasonable basis for trial counsel's action. As a result, this appeal is abated and a hearing ordered in the trial court for this purpose.[4]

2. Following the general rule that a determination of ineffective assistance of trial counsel should be determined by the totality of the representation, appellant presents two additional grounds of error alleging that his trial counsel was ineffective.

3. Appellant points out that because punishment was decided by the jury a remand as to punishment only is not permitted. *See Eads v.*

*State,* 598 S.W.2d 304 (Tex.Cr.App.1980); *Daniel v. State,* 585 S.W.2d 688 (Tex.Cr.App.1979).

4. The Court of Criminal Appeals has followed such a procedure in *Kincaid v. State,* 500 S.W.2d 487 (Tex.Cr.App.1973), and *Hullum v. State,* 415 S.W.2d 192 (Tex.Cr.App.1966), in order to obtain additional information from the trial court.