Kenneth Earl JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00373–CR.

Court of Appeals of Texas, San Antonio.

Nov. 9, 1983.

---

David Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., John Horn, III, Asst. Dist. Atty., San Antonio, for appellee.

Before BUTTS, REEVES and DIAL, JJ.

## OPINION

REEVES, Justice.

This is an appeal from a conviction for delivery of heroin. This court abated the appeal in order that an evidentiary hearing might be held to develop facts regarding appellant's allegation of ineffective assistance of counsel. *See Jackson v. State,* 640 S.W.2d 323 (Tex.App.—San Antonio 1982, pet. ref'd). The facts of this appeal are fully stated in *Jackson, supra,* however, for clarity they will be repeated here insofar as relevant.

Appellant was first tried and convicted of the offense of delivery of heroin. He was determined to be a repeat offender and sentenced by the court to the minimum

punishment allowable, fifteen (15) years. TEX.PENAL CODE ANN. § 12.42(c) (Vernon 1974). Pursuant to former TEX.CODE CRIM.PRO.ANN. art. 40.09(12) (Vernon 1979), the trial court granted appellant a new trial. It is from the second trial which appellant brings this appeal. Appellant's first three grounds of error [1] all allege ineffective assistance of counsel. Because of our disposition of appellant's first ground of error, we need not consider grounds two and three.

Appellant in ground of error one, contends that trial counsel rendered ineffective assistance by failing to advise appellant sufficiently as to the consequences of electing to have the jury assess punishment. It was on this ground of error that the appeal was abated for an evidentiary hearing. *Jackson, supra* at 327. After examining the statement of facts of this hearing, we agree with appellant and sustain his first ground of error.

█ Because appellant was sentenced by the court at his first trial, absent objective information concerning identifiable conduct on the part of appellant occurring after the time of the original sentencing, the trial judge could not impose a more severe sentence. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Ex parte Bowman,* 523 S.W.2d 677 (Tex.Cr. App.1975). Appellant, at his second trial, elected to go to the jury on punishment and pled true to the State's enhancement allegation. The jury sentenced appellant to twenty-five (25) years' confinement. The evidentiary hearing ordered by this court reveals no objective information concerning identifiable conduct of the appellant which would have allowed the trial judge to impose a more severe punishment. Appellant testified at this hearing that he had heard from another inmate, after appellant was granted a new trial, "that one of them [the judge or jury] would have to, if they was [sic] to find me guilty again, that one of them couldn't give me more time than I

1. Appellant's fourth ground of error was overruled previously by this court in *Jackson v. State,* 640 S.W.2d 323 (Tex.App.—San Antonio 1982, pet. ref'd).

had.... I forgot which one it was, and that's what made me ask my attorney." At the evidentiary hearing, appellant's trial counsel testified that the decision to have the jury assess punishment came about as follows:

A [Appellant's Attorney]: Before we started the trial we had to make an election as required, and we discussed it back and forth as to what would be the best way to go. And at that time the decision was made to go to the jury.

Q: Did you advise Mr. Jackson to go to the jury specifically?

A: Specifically, no. I remember discussing it with him. If I recall, it was during the time of the Judge's election campaign, and I believe we discussed the fact that the Judge would be harsher on him, perhaps, than the jury would, and because of headlines, and what have you, that would arise out of the trial. And the decision was made to go to the jury.

\* \* \* \* \* \*

Q: Okay. Did you at any time—do you remember telling Mr. Jackson that you didn't know which it would be better to go to for sentencing? In other words, did you feel confident with your suggestion to go to the jury?

A: Yes.

Q: Why did you recommend going to the jury?

A: I just explained it.

Q: For the election reasons?

A: Yes.

From this testimony it is evident that appellant relied on his attorney's advice to go to the jury for punishment.

■ The standard of competence for criminal defense attorneys, whether retained or appointed, has been established as "reasonably effective assistance of counsel." *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Ex parte Duffy,* 607 S.W.2d 507, 516 (Tex.Cr.App.1980). This does not, however, mean errorless

counsel, and the representation is not to be judged by hindsight. *Ex parte Robinson,* 639 S.W.2d 953 (Tex.Cr.App.1982); *Mercado v. State,* 615 S.W.2d 225 (Tex.Cr.App.1981). The effectiveness of counsel's representation must be judged by the totality of the representation. *Archie v. State,* 615 S.W.2d 762, 765 (Tex.Cr.App.1981); *Boles v. State,* 598 S.W.2d 274, 279 (Tex.Cr.App.1980). From this it follows that isolated failures to object will not render counsel ineffective. *Archie, supra* at 765.

■ In order for a criminal defense lawyer to render reasonably effective assistance, he must have a firm command of not only the facts of the case but also the law governing the client's particular situation. *Ex parte Duffy, supra* at 516; *Ex parte Burns,* 601 S.W.2d 370, 372 (Tex.Cr.App. 1980).

■ Viewing the assistance which appellant received from his trial counsel by the above standards, we hold appellant was, as a matter of law, denied effective assistance of counsel. It is true that in the case before us we have singled out one error of counsel upon which we base this holding. In our opinion, however, this single error of counsel permeates the entire proceeding below and demonstrates an obvious lack of knowledge of the applicable legal principles governing punishment on retrial by appellant's attorney. Because of counsel's erroneous advice, appellant made a decision which resulted in a sentence ten years greater than he would have received had he gone to the court for punishment. There can be absolutely no tactical reason for this choice. By going to the jury, appellant had everything to lose and nothing to gain since the *minimum* sentence which the jury could impose was the maximum the court could have imposed. *North Carolina v. Pearce, supra.*

Since the jury assessed punishment, this court cannot merely remand the case to the court below to assess punishment as this would result in an incomplete verdict. *Bullard v. State,* 548 S.W.2d 13 (Tex.Cr.App. 1977); *Ellison v. State,* 432 S.W.2d 955

(Tex.Cr.App.1968). Thus, we are constrained to reverse and remand this case for a new trial.

DIAL, Justice, dissenting.

I respectfully dissent.

Appellant is complaining that he was misled to elect punishment by the jury. Contained within that complaint, of necessity, is his desire to have the benefit of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), placing a ceiling of 15 years on the possible punishment. TEX.PENAL CODE ANN. § 12.42(c) (Vernon 1974) places a minimum of 15 years on appellant's punishment. Rather than remand for a new trial, I would reform the punishment to 15 years.

*Bullard v. State,* 548 S.W.2d 13 (Tex.Cr. App.1977) and *Ellison v. State,* 432 S.W.2d 955 (Tex.Cr.App.1968) do not involve election of punishment by judge or jury and therefore should not control this unique situation.