**Kenneth Earl JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 115–84.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 23, 1988.

Richard D. Woods, court appointed, San Antonio, for appellant.

Sam D. Millsap, Jr., Former Dist. Atty. & Charels Estee, Former Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for State.

OPINION ON REMAND FROM THE
UNITED STATES SUPREME
COURT

ONION, Presiding Judge.

At a second trial appellant was convicted of the actual delivery of heroin, a controlled substance, a first-degree felony. See Article 4476–15, § 4.03(b), V.A.C.S. One prior felony conviction was alleged and proved for enhancement of punishment. The jury assessed punishment at 25 years' confinement in the Texas Department of Corrections.

At appellant's first trial the trial judge assessed punishment at 15 years' imprisonment. Later the same judge granted a new trial under Article 40.09, (12) V.A.C.C.P. (1965). This apparently was due to a claimed deficiency in the allegations of the indictment. A new indictment was then presented. A vacancy occurred on the trial court, and a new judge was appointed by the Governor. At the second trial the new judge presided and the appellant elected to have the jury assess punishment. Punishment was assessed at 25 years after the jury found appellant guilty and after he pled "true" to the enhancement allegation of a prior felony conviction.

On appeal the appellant, inter alia, complained in his first ground of error that his trial counsel provided ineffective assistance of counsel in advising him to elect to go to the jury for punishment. He asserted *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), barred the second trial judge from assessing a punishment greater than the first trial judge did, which was 15 years, and that by electing the jury to assess punishment upon counsel's advice, he received 10 additional years of punishment.

The Court of Appeals held the evidence sufficient to sustain the conviction but remanded the cause to the trial court to hold a hearing to determine whether there was "objective information" available which would have allowed the trial judge to have assessed a more severe penalty than 15 years if he had been chosen by the appellant to have assessed punishment. *Jackson v. State*, 640 S.W.2d 323 (Tex.App.–San Antonio 1982) pet. ref'd. Following the evidentiary hearing in the trial court, the Court of Appeals determined that *Pearce* applied to this cause and there was no "objective information" which would have allowed the second trial judge to have imposed a greater punishment than 15 years. The Court of Appeals concluded that counsel had provided ineffective assistance of counsel for the sole reason of having advised appellant to elect to have the jury assess punishment. The court thus sustained the first ground of error and reversed the judgment. *Jackson v. State*, 662 S.W.2d 74 (Tex.App.–San Antonio 1983).

The State's petition for discretionary review was granted, and this Court affirmed the judgment of the Court of Appeals. This Court, with three judges dissenting, likewise determined that the so-called prophylactic rule in *Pearce* applied, and held in absence of "objective information" concerning identifiable conduct on the part of the appellant occurring after the first trial, the punishment could not have been assessed at a greater term than 15 years by the second trial judge if he had been chosen to assess punishment. This Court agreed that in electing the jury instead of the judge to assess punishment the limitation on punishment was removed. It was held that counsel failed to advise appellant about the impact of *Pearce*, and that this single error resulted in ineffective assistance of counsel. The judgment of the Court of Appeals reversing the trial court was affirmed.

The State then filed its petition for writ of certiorari with the United States Supreme Court claiming, inter alia, that *Pearce* had no application to this case. On April 21, 1986, the petition for writ of certiorari was granted and the cause was remanded to this Court for further consideration in light of *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). *Texas v. Jackson*, 475 U.S. 1114, 106 S.Ct. 1627, 90 L.Ed.2d 175 (1986). See now *McCullough v. State*, 720 S.W.2d 93 (Tex.Cr.App.1986).

In *McCullough* the defendant was convicted of murder at his second trial and the trial judge assessed 50 years' imprisonment as punishment. This was greater than the 20 years' imprisonment he had received at the first trial at the hands of a jury, following which the court had granted a new trial based on prosecutorial misconduct. The trial judge entered findings to justify the greater penalty imposed at the second trial. She found that two State witnesses, who had not testified at the first trial, added to the credibility of the State's key witness and detracted from the credibility of the defendant and a defense witness; that the new testimony directly implicated the defendant in the murder and shed new light upon his life and conduct; that it had been learned for the first time on retrial that the defendant had been released from prison only four months before the murder.

Relying on *Pearce*, which held that the Due Process Clause of the Fourteenth Amendment prevented increased sentences on retrial when the increase was motivated by the sentencing judge's vindictiveness, and to show the absence of such vindictiveness the reasons for imposing the increased sentence must affirmatively appear, the Amarillo Court of Appeals reformed the sentence to 20 years and affirmed the judgment of the trial court. *McCullough v. State*, 680 S.W.2d 493 (Tex.App.–Amarillo 1983). In discussing the lack of valid reasons for the increased sentences, the Court of Appeals quoted directly from *Pearce*.

"*Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.*" (Emphasis was from the original.) (Added emphasis supplied.)

Thereafter the court observed that in the instant case there was no evidence of "identifiable conduct on the part of the defendant occurring after the original sentencing proceedings"; that the trial judge's findings related to the original crime, etc., and not to the defendant's subsequent conduct.

The State's petition for discretionary review was granted. This Court held that as a matter of procedure the cause should be remanded to the trial judge for resentencing, that under *Pearce* vindictiveness must be presumed even though a jury had fixed punishment at the first trial and a judge had fixed it at the second trial. *McCullough v. State*, 720 S.W.2d 89 (Tex.Cr.App. 1983).

The United States Supreme Court granted certiorari and held that the Due Process Clause was not violated by the trial judge's imposition of a greater sentence on retrial. The Court concluded the facts of *McCullough* provided no basis for a *Pearce* presumption of vindictiveness, noting that the granting of McCullough's motion for new trial based on prosecutorial misconduct hardly suggested vindictiveness on the judge's part. The Court also held that the *Pearce* presumption is also inapplicable because different "sentencers" assessed varying "sentences,"[1] where the trial judge at the second trial provided an on-the-record logical, nonvindictive reason for the greater punishment.

The Court further concluded that even if the *Pearce* presumption were to apply, the trial judge's findings for imposing a great-

---

1. In footnote 3 of *Texas v. McCullough*, supra, 106 S.Ct. at 980, the Supreme Court wrote:

"*Pearce* itself apparently involved different judges presiding over the two trials, a fact that has led some courts to conclude by implication that the presumption of vindictiveness applies even where different sentencing judges are involved. See, *e.g.*, *United States v. Hawthorne*, 532 F.2d 318, 323 (CA3), cert. denied, 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976). That fact, however, may not have been drawn to the Court's attention and does not appear anywhere in the Court's opinion in *Pearce*. Clearly the Court did not focus on it as a consideration for its holding. See *Hardwick v. Doolittle*, 558 F.2d 292, 299 (CA5 1977), cert. denied, 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978). Subsequent opinions have also elucidated the basis for the *Pearce* presumption. We held in *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct.1977, 36 L.Ed.2d 714 (1973), for instance, that the presumption derives from the judge's 'personal stake in the prior conviction,' *id.*, at 27, 93 S.Ct., at 1983, a statement clearly at odds with reading *Pearce* to answer the two-sentencer issue. We therefore decline to read *Pearce* as governing this issue. See also n. 4, *infra*."

er punishment overcame that presumption as these findings clearly constituted "objective information justifying the increased sentence," citing *United States v. Goodwin,* 457 U.S. 368, 375, 102 S.Ct. 2485, 2489, 73 L.Ed.2d 74 (1982). The Court noted that *Pearce* is not to be read as precluding a rebuttal of intimations of vindictiveness. The Court made clear the language in *Pearce* about justifying an increased sentence based on identifiable conduct occuring "subsequent to original sentencing proceedings" was never intended to describe exhaustively all of the possible circumstances in which an increase in punishment could be justified.

The Court reversed this Court's judgment in *McCullough* and remanded the cause to this Court. *Texas v. McCullough,* supra.

In the instant *Jackson* case, the question is not whether *Pearce* would limit the punishment to be assessed for *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), made clear that *Pearce* is not applicable where a jury imposes the greater punishment on retrial. The question is one of effective assistance of counsel. Did the sole act of advising the appellant Jackson to elect to have the jury assess punishment constitute ineffective assistance of counsel? Was the trial judge limited by *Pearce* to the 15 years' imprisonment originally imposed whereas the jury was not?

The central premise to appellant's claim of ineffective assistance of counsel, adopted by this Court and the Court of Appeals, was that the prophylactic rule of *Pearce* would apply to the facts of this case, and that the trial judge at the second trial would have been "locked into" assessing no greater penalty than 15 years if he was called upon to assess punishment. Article 37.07, V.A.C.C.P.

However, if *Pearce* was not applicable to the facts of the case, the trial judge would be free as the jury to assess any punishment within the lawful range of punishment applicable to the offense charged and the enhancement allegations of the indictment. If *Pearce* has no application, then

appellant's counsel's advice about the trial judge's attitude on punishment and his reputation in connection herewith and counsel's recommendation to elect to have the jury assess punishment would appear to have provided appellant with an understanding of the law in relation to facts sufficient to permit an informed and conscious choice on the part of appellant.

Simply put, if *Pearce* was not applicable to the facts of the case it would not have been ineffective assistance of counsel for appellant's counsel to have failed to inform appellant that *Pearce* did apply.

■ In light of *McCullough,* was the *Pearce* presumption of judicial vindictiveness really applicable to the facts of this case? Here the first trial judge granted the appellant's request for a new trial in accordance with the procedure of Article 40.09(12), V.A.C.C.P. (1965), in effect at the time. As in *McCullough,* this was hardly an act of vindictiveness. After the first trial judge left the state bench a new judge, with no connection with the case, was appointed to the court. Several months later appellant's case, based on a new indictment, came to trial. Surely it cannot be said under the circumstances that the new or second trial judge had a "personal stake in the prior conviction." *Chaffin v. Stynchcombe,* 412 U.S. at 27, 93 S.Ct. at 1983. To presume vindictiveness from these facts would be speculative. If the new judge had been called upon to assess punishment, there would have been "different sentencers" and the *Pearce* presumption would not apply. *McCullough,* 106 S.Ct. at 980. The *Pearce* presumption of judicial vindictiveness finds no basis for application here.

In *Pearce* the Supreme Court found no per se constitutional impediment to the imposition of greater punishment on retrial of a defendant. See also *Chaffin v. Stynchcombe,* supra, 412 U.S. at 29, 93 S.Ct. at 1984; *McCullough, supra, 106 S.Ct. at 981.*

Even if the *Pearce* presumption applies, a judge may according to *Pearce* impose a more severe sentence upon a defendant after a new trial if his reasons for doing so

affirmatively appear, and the reasons are based on objective information concerning identifiable conduct of the defendant occurring after the time of the original sentence. As earlier noted, *McCullough* made clear that such language from *Pearce* was never meant to describe exhaustively all of the possible circumstances in which an increase in sentence could be justified. In fact, the findings of the trial judge in *McCullough* were based on conduct occurring before the time of the first sentence.

■ The instant record reflects that after the second indictment appellant Jackson failed to appear for a trial setting and a bond forfeiture was ordered and a capias was issued for his arrest. He was later surrendered by the sureties on his bond. See V.T.C.A., Penal Code, § 38.11 (Bail Jumping and Failure to Appear). Appellant was charged with theft occurring after the first sentence. Appellant denied this offense, and the charge was later dismissed after appellant received his 25 year sentence. At the evidentiary hearing ordered by the Court of Appeals, the second trial judge was asked if the pre-sentence report had not reflected five arrests for various designated offenses after the first sentence, and the judge simply replied that there had been no pre-sentence report since the second trial was a jury trial and none had been requested.

Even if *Pearce* could be interpreted as applicable to the instant case, there may well have been another basis for counsel not to have told appellant the trial judge would be "locked in" on punishment.

This cause was reversed by the Court of Appeals and its judgment affirmed by this Court because of ineffective assistance of counsel based on the sole error of failure to sufficiently advise appellant of the consequences of electing the jury to assess punishment when the trial judge would have been bound by *Pearce* to assess no more than 15 years.

In light of what has been said, this was wrong.

Under the standard of effective assistance of counsel established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. See also *Butler v. State*, 716 S.W.2d 48 (Tex. Cr.App.1986); *Ex parte Adams*, 707 S.W. 2d 646 (Tex.Cr.App.1986); *Wilkerson v. State*, 726 S.W.2d 542 (Tex.Cr.App.1986).

Appellant has not satisfied the two part test of *Strickland*. Further, appellant's counsel satisfied the standard of counsel reasonably likely to render and rendering reasonably effective assistance. *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980).

The original judgment of this Court is set aside, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Appeals to respond to all grounds of error not yet answered.

DAVIS, McCORMICK and DUNCAN, JJ., and JON SPARLING, Special Judge,[2] join this opinion.

CLINTON, Judge, dissenting.

The rule that "the constitutional right to counsel ... does not mean errorless counsel ... whose competency or adequacy of his representation is to be judged by hindsight" has become a litany. *Ex parte Robinson*, 639 S.W.2d 953, 954 (Tex.Cr.App. 1982); *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Cr.App.1981); *Ex parte Prior*, 540 S.W.2d 723, 726 (Tex.Cr.App.1976); see also Clinton & Wice, *Assistance of Counsel in Texas*, 12 St. Mary's Law Journal 1, at 8 (1980). Today, however, the majority would have the Court turn a deaf ear to the chant.

Rather than measure effectiveness of counsel in light of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), as it was then common-

---

**2.** Jon Sparling, former Justice of the Fifth Court of Appeals at Dallas, was appointed as Special Judge of the Court of Criminal Appeals in this cause by the Honorable William P. Clements, Governor of Texas, in view of the disqualification of Judge Bill White, former Bexar County Criminal District Attorney at the time the instant case was tried.

ly understood, the majority truly does judge advice of trial counsel given in January 1981 by hindsight of *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed. 2d 104 (1986).

I adhere to substance of the opinion of the Court on original submission, before the Supreme Court decided *McCullough.*

Accordingly, I respectfully dissent.

MILLER and CAMPBELL, JJ., join in this opinion.

TEAGUE, Judge, dissenting.

The record reflects that previously, in a well written and reasoned opinion by Justice Reeves of the San Antonio Court of Appeals, that court correctly reversed the trial court's judgment of conviction in this cause after it found that trial counsel for Kenneth Earl Jackson, henceforth appellant, was ineffective because he failed to correctly advise appellant of the consequences of electing the jury instead of the trial judge to assess appellant's punishment. See *Jackson v. State*, 662 S.W.2d 74 (Tex.App.–4th Dist.1983). Also see that court's opinion of *Jackson v. State*, 640 S.W.2d 323 (Tex.App.–4th Dist.1982). The effect of appellant going to the jury rather than the trial judge for assessment of punishment amounted to him receiving ten more years. Thereafter, a majority of this Court, in a well written and reasoned opinion by Judge Miller, correctly voted to affirm the judgment of the court of appeals. See *Jackson v. State*, 766 S.W.2d 504 (Tex. Cr.App.1985).

This case is now before this Court pursuant to a remand order from the Supreme Court of the United States, "for further consideration in light of *Texas v. Mc Cullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed. 2d 104 (1986)."

I find that no real conflict exists between what this Court previously stated and held in this cause and what the Supreme Court stated and held in *Texas v. McCullough*, supra. Therefore, my vote is to affirm the judgment of the court of appeals, which reversed the trial court's judgment of conviction. Because a majority of this Court

erroneously votes to do otherwise, I respectfully dissent.

In its opinion the San Antonio Court of Appeals correctly found the following: "Because of counsel's erroneous advice [to go to the jury rather than the trial judge for punishment], appellant made a decision which resulted in a sentence ten years greater than he would have received had he gone to the court for punishment. By going to the jury, appellant had everything to lose and nothing to gain since the minimum sentence which the jury could impose was the maximum the court could have imposed."

This Court, when this cause was previously before it, found that "The record, including the State's complete cross examination of appellant, his attorney, and the trial judge at the evidentiary hearing ordered by the court of appeals, clearly indicates that nothing except 'the [judge's] election reasons were considered in electing the jury in this case.'" Also see what this Court stated in footnotes 4 and 5 of its majority opinion.

The issue here does not involve whether counsel was ineffective at the guilt stage of the trial; the issue instead is whether counsel was ineffective at the punishment stage of the trial. Thus, "[b]ecause applicant's complaint deals with the punishment or sentencing phase of his trial ... the two-pronged test set out in *Strickland* is not applicable to the instant case. Thus we look to the standard used before the Supreme Court handed down *Strickland*", which was *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980). *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Cr.App.1987).

Under *Ex parte Duffy*, supra, in making the determination whether trial counsel was ineffective, the question that must be answered is whether counsel rendered reasonably effective assistance of counsel.

Notwithstanding what a majority of this Court held in *Ex parte Cruz*, supra, just a little over a year ago, the new majority of this Court, without even mentioning *Ex parte Cruz*, supra, invokes and applies to the punishment phase of this cause the amorphous *Strickland v. Washington*, 466

U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), two prong test. The new majority, however, albeit erroneously, also concludes that trial counsel for appellant was effective counsel under *Ex parte Duffy*, supra.

Usually when a defendant challenges his trial counsel's effectiveness, such is not based upon a single error. In this cause, however, the single error of counsel, in electing to have the jury rather than the trial judge assess punishment, "permeated the entire [punishment] proceeding and rendered counsel's assistance ineffective." (Page 511 of this Court's original majority opinion.) This single error occurred because trial counsel for appellant, although having a "lock" under the law as it existed at the time on the minimum punishment that could be assessed, chose instead to advise appellant to go to the jury for punishment, which decision maker was not bound by the minimum punishment provided in the law that existed at the time. Under the law that then existed, and given the evidence that was then in existence, the trial judge could not have legally assessed appellant's punishment at greater than the mimimum.

In this regard, in making the determination whether trial counsel for appellant was ineffective, it is necessary to look to the law that existed when he made his decision to advise appellant to have the jury rather than the trial judge assess his punishment, and not to what the law might be today, several years after the fact. I find that this Court's original opinion by Judge Miller has correctly exhibited the law that existed when the jury assessed appellant's punishment; therefore, I will not repeat all of what he has already stated.

The law that existed when appellant elected on retrial to have the jury rather than the trial judge assess punishment was clear. Under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), no matter whether the trial judge or the jury assessed the first punishment, if the trial judge was called upon to assess the punishment at retrial, and he chose to increase the punishment from that which had previously been assessed, in order for

his decision to stand it was necessary that the record reflect an explanation from him and evidence to support his decision to increase the punishment. Otherwise, absent any evidence that would warrant an increase in the punishment that had previously been assessed, there was a presumption that the trial judge acted vindictively. However, a jury at the retrial was not barred from assessing a greater punishment than that which had been assessed at the first trial. See *Caffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct.1977, 36 L.Ed.2d 714 (1973).

Thus, when appellant's retrial occurred, and when he elected to go to the jury for punishment, if a defendant obtained a new trial, as occurred here, unless he thought he could "beat" the minimum possible punishment, no reasonably effective trial attorney would ever elect to have the jury assess the punishment on retrial. This was so because in that instance the defendant had a "lock" on the minimum punishment that could be assessed-if he elected to have the trial judge assess his punishment and there was no evidence that might reflect or indicate that appellant was guilty of any wrongful identifiable conduct since his first punishment was assessed.

I pause to emphasize that the trial judge in this cause did not assess appellant's punishment on retrial; the jury did, and under *Chaffin*, supra, where the jury is called upon to assess the punishment on retrial, it is free to assess the punishment within the minimum and the maximum range that the law provides. Thus, the jury did nothing wrongful in this cause.

The Supreme Court in its remand order in this cause only stated that it was remanding this cause to this Court for it to reconsider its decision in light of *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). I assume this to mean that the Supreme Court wants us to remake the determination whether counsel was ineffective in light of *Texas v. McCullough*, supra. Given how religiously this Court has adhered to *North Carolina v. Pearce*, supra, and if one subscribes to stare decisis, I am unable to understand

how anyone could have divined that the Supreme Court would abolish in *Texas v. McCullough*, supra, the "presumption of vindictiveness" rule of law that it had created in *North Carolina v. Pearce*, supra.

The law at the time of appellant's retrial was clear as crystal. If the trial judge was called upon to assess punishment on retrial, and there was no evidence to justify an increase in the punishment from that which had previously been assessed, and the trial judge nevertheless increased the punishment, his act of increasing the punishment caused a "presumption of vindictiveness" to exist. It is, however, probably incorrect to use the expression "presumption of vindictiveness" in this context. It is probably more correct to use the term "assumption" in this context rather than the term "presumption" because the term "presumption" is usually reserved in our law to indicate the product of some inference, whereas the term "assumption" is defined to mean that something is accepted as fact until the contrary is shown to exist. Thus, in this context, we should not infer from the mere fact that a trial judge assessed a greater punishment from that which had previously been assessed that he did so because he was vindictive. I believe in that context one is only saying that unless there is evidence that would justify his act of assessing a greater punishment, we assume he acted vindictively.

In this instance, there is nothing in the record that might reflect or indicate just exactly what the trial judge would have done when appellant's second punishment hearing was conducted, had he been elected at that time to assess appellant's punishment. At the evidentiary hearing, he was simply called upon to speculate what he might have done had he been elected to assess appellant's punishment. Appellant's trial counsel was in the same boat, in that he, too, was called upon to speculate why he advised appellant to elect to have the jury rather than the trial judge assess appellant's punishment. Therefore, it appears to me that this Court should decide the issue based on the record as it existed when the jury assessed appellant's punishment, and not on how someone might view the situation from hindsight.

In *Texas v. McCullough*, supra, the Supreme Court abolished its "presumption of vindictiveness" rule that existed when appellant's punishment hearing was conducted in this cause. This rule of law had previously been applied to the situation where a trial judge, without any evidence to support an increase in punishment on retrial, increased the defendant's punishment from that which had previously been assessed. In that instance, the trial judge was presumed to have acted vindictively, and such act on the part of a state trial judge increasing the defendant's punishment violated the Due Process Clause of the Fourteenth Amendment. In *McCullough*, supra, with a stroke of the pen, the Supreme Court abolished that rule of law. However, the Supreme Court found in that cause that there was record evidence that supported that trial judge's decision to increase the defendant's punishment on retrial. The Supreme Court found that even if it invoked and applied the former presumption of vindictiveness rule to the case, there was sufficient evidence in that record to overcome it.

Thus, it does not appear to me that the Supreme Court has done as much damage to this area of the law as some think or believe it might have done. I find nothing in *Texas v. McCullough*, supra, that would permit a trial judge, without any basis therefor, assessing a greater punishment on retrial than what had been assessed at the original trial. I find that the only difference between the law as it formerly existed and as it now exists under *Texas v. McCullough*, supra, is that an appellate court may not now invoke and apply a "presumption of vindictiveness" to a trial judge who assesses a greater punishment than that assessed at the first trial. Furthermore, I find nothing in *Texas v. McCullough*, supra, that the defendant, in order to win, must prove that the trial judge was in fact vindictive.

Thus, I believe that the principles enunciated in this Court's opinions of, for example, *Lechuga v. State*, 532 S.W.2d 581 (Tex.

Cr.App.1975); *Ex parte Bowman,* 521 S.W. 2d 858 (Tex.Cr.App.1975); and *Miller v. State,* 472 S.W.2d 269 (Tex.Cr.App.1971), are still applicable to this kind of situation.

Judge Miller, on behalf of a majority of this Court, in footnotes 4 and 5 of his opinion for the Court in this cause, has clearly and correctly demonstrated the fact that there was no record evidence that had the trial judge been elected to assess appellant's punishment at his retrial, he would have been justified in increasing appellant's punishment from that which had previously been assessed.

The majority opinion, however, holds that there was sufficient "identifiable" conduct by appellant after his first trial and before his second trial that would have warranted the trial judge, had he been elected to assess the punishment, assessing a greater punishment than the minimum.

The majority opinion states that appellant's failure to appear for a trial setting and was surrendered by the sureties on his bond are two acts of identifiable conduct. However, as Judge Miller correctly pointed out in footnote 5 of his opinion for the Court, such was not "evidence" because "same were never developed as a factual matter at appellant's trial *or at the evidentiary hearing ordered by the court of appeals.* Nor has this 'evidence' been alleged or briefed as identifiable conduct before the court of appeals, or before this Court on the State's petition for discretionary review, either by the locally affected district attorney or the State's prosecuting attorney. As is obvious from the record, the parties to this protracted litigation do not rely upon this 'evidence' as identifiable conduct."

The majority opinion also relies upon the fact that appellant had been charged with committing the offense of theft since the first trial. Of course, given the fact that in our criminal jurisprudence we assume that a person who has only been accused of committing a criminal wrong is not guilty, this is not evidence that would have warranted the trial judge at the retrial, had he been elected to assess appellant's punishment, assessing a greater punishment than

was assessed at appellant's first trial. Furthermore, as Judge Miller pointed out in footnote 5 of his opinion for this Court, "the evidentiary value of appellant's *arrest,* as it bears upon the issue of identifiable *conduct,* is nil. This is especially true since appellant denies committing the offense, has never been prosecuted for the crime, and *no testimony was offered at the evidentiary hearing* to even indicate appellant did commit the offense." (Emphasis in the original.)

The majority almost concedes that the accusation for theft was no evidence of identifiable conduct because, as it points out, the theft charge was later dismissed by the State.

I find that Judge Miller correctly concluded from the record that was then before us that "evidence of [any] identifiable conduct [that can be attributed to appellant] . . . is speculative, unfounded and outside the record."

Furthermore, the record of this cause is absolutely clear that counsel did not rely upon, and may not have even known about the "identifiable" factors that the majority opinion relies upon. If counsel was unaware of the acts of "identifiable" conduct that the majority opinion relies upon, does this omission itself not also cause him to have been ineffective counsel, for failure to make a proper investigation of appellant's case?

The only reason that trial counsel gave at the evidentiary hearing, in support of his decision to advise appellant that the jury rather than the trial judge assess appellant's punishment, was that he believed that the trial judge would be harsher on him than a jury would be because he believed that the trial judge was then campaigning hard for reelection, apparently on some sort of "law and order" campaign, and that if he "socked" it to appellant in this cause, this would enhance his chances of being reelected. The record, however, is clear that counsel was mistaken that the trial judge was running for reelection at that time. Nevertheless, counsel does make it clear in his testimony that he believed that the trial judge would assess a

greater punishment in order to improve his chances of getting reelected. Given the fact that the trial judge was not campaigning for reelection, in my view counsel's testimony on the subject is totally valueless from an evidentiary standpoint.

Did the Supreme Court in *Texas v. McCullough,* supra, hold, either expressly or implicitly, that a defendant whose punishment on retrial was assessed by a trial judge at more than than what it had previously been assessed, and there was no evidence in the record to justify the increase, could never complain unless he showed that the trial judge was actually vindictive when he reassessed the punishment? Given the fact that the Supreme Court went ahead and addressed the issue in that cause in light of the "presumption of vindictiveness", I do not believe so. Furthermore, I do not believe there is a single trial judge in the United States who would would be willing to testify in a court of law that when he assessed a defendant's punishment on retrial he acted with a heart regardless of social duty and had a mind fatally bent on mischief.

It appears to me such a defendant in Texas may still establish a case under either the Fourteenth Amendment's Due Process Clause or under the Due Course of Law Clause of the Texas Constitution, see Article I, § 10, Texas Constitution. If he establishes on the record that there is no evidence in the record to support the trial judge's decision to assess a greater punishment from that which had previously been assessed, the lack of such evidence will constitute a violation of due process of law under the Fourteenth Amendment, or in Texas it will constitute a violation of the due course of law clause of the Texas Constitution. In this instance, there is no record evidence that might have justified the trial judge, if he had been elected to do so, to assess a greater punishment than that assessed at appellant's first trial. Therefore, appellant is entitled to relief under either the Due Process Clause of the Fourteenth Amendment or the Due Course of Law Clause of the Texas Constitution.

Under *Ex parte Duffy,* supra, given the record evidence in this cause, appellant's trial counsel clearly did not render reasonably effective assistance of counsel in advising appellant to go to the jury rather than the trial judge to assess his punishment in this cause. I further conclude that, even under the two prong *Strickland v. Washington,* supra, amorphous test, which this Court held in *Ex parte Cruz,* supra, is inapplicable in Texas to the punishment stage of a defendant's trial, counsel's performance was deficient; that such performance was prejudicial to appellant, and that but for counsel's deficiencies appellant's punishment would have been assessed at the minimum of 15 years' confinement in the Department of Corrections, rather than ten more years than the minimum, or 25 years' confinement in the Department of Corrections.

For all of the above and foregoing reasons, I respectfully dissent to the majority opinion finding that counsel was not ineffective under *Ex parte Duffy,* supra. I further dissent because I believe that *Ex parte Cruz,* supra, deserves a better burial than the one that the new majority in this cause gives it.