NO. 07-02-0030-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 11, 2002



______________________________




BRUCE WAYNE BROWN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 253RD DISTRICT COURT OF LIBERTY COUNTY;



NO. 23,691; HONORABLE CHAP B. CAIN, III, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Upon an open plea of guilty, appellant Bruce Wayne Brown was convicted of
aggravated sexual assault of a child and punishment was assessed at 99 years
confinement and a $10,000 fine. In presenting this appeal, counsel has filed an Anders (1) 
brief in support of a motion to withdraw. Based upon the rationale expressed herein, the
motion to withdraw is granted and the judgment is affirmed.

 In support of his motion to withdraw, counsel has certified that, in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has
diligently reviewed the record and, in his opinion, the record reflects no meritorious ground
on which an appeal can be predicated. Thus, he concludes the appeal is frivolous and
without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978),
counsel has candidly discussed why, under the controlling authorities, there is no error in
the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant,
and informed appellant that, in counsel's view, the appeal is without merit. In addition,
counsel has demonstrated that he notified appellant of his right to review the record and
file a pro se brief. Appellant did not file a pro se brief. The State responded and agrees
with counsel that this appeal is frivolous and without merit because no reversible error is
presented in the record.

 Appellant was indicted for aggravated sexual assault of a child and entered an open
plea of guilty. In addition to a judicial confession, appellant executed evidence stipulations,
waiver of jury trial and, together with his attorney and the trial judge, on August 30, 2001,
also executed written admonishments fulfilling the requirements of Tex. Code Crim. Proc.
Ann. art. 26.13 (Vernon Supp. 2002). Based on the evidence stipulations and the
admission of his judicial confession, the trial court found him guilty. During the punishment
phase the State produced twelve witnesses who testified about this sexual assault, as well
as appellant's extraneous offenses, including numerous other child molestations. 
Appellant called three witnesses during the punishment phase, including his mother-in-law
who testified that she forgave appellant for his prior rape of her younger daughter because
of her religious faith; however, she described appellant as a "bad person." The other
witnesses called by appellant testified about business dealings with him. After hearing this
evidence, the trial court assessed punishment at 99 years confinement and a $10,000 fine.

 Counsel suggests eight arguable issues on appeal asserting (1) the trial court erred
in finding no enforceable plea bargain agreement existed between appellant and the State;
(2) appellant received ineffective assistance of trial counsel regarding the State's plea
bargain offer; (3) the trial court erred in not requiring a State's witness to testify from a
position where appellant could see the witness; (4) the trial court erred in overruling
appellant's objection to the State's question of a witness on the grounds of leading
questions; (5) and (6) the trial court erred in overruling appellant's objections to the State's
questions of two witnesses on the grounds of hearsay; (7) appellant received ineffective
assistance of counsel prior to and during trial; and (8) the trial court erred in assessing
punishment of this magnitude on the grounds of judicial vindictiveness and/or bias. 
However, after discussing the evidence and authorities, counsel candidly concedes that
no reversible error is presented.

 Appellant signed the required admonishments and in open court, when orally
admonished by the trial court, acknowledged he had reviewed all documents with his trial
counsel and he understood his rights and his waiver of them. These written 
admonishments signed by appellant and a record showing he orally acknowledged to the
court that he understood them constitute a prima facie showing that the plea was voluntary. 
Cantu v. State, 993 S.W.2d 712, 717 (Tex.App.-San Antonio 1999, pet. ref'd), citing
Fuentes v. State, 688 S.W.2d 542, 544 (Tex.Cr.App. 1985). The trial court also informed
appellant that the range of punishment for aggravated sexual assault is five to 99 years
confinement and an optional fine not to exceed $10,000. See Tex. Pen. Code Ann. §
12.32 (Vernon 1994).

 By issue one, counsel suggests the trial court erred in finding no enforceable plea
bargain agreement existed and by issue two suggests trial counsel was ineffective in
regards to the plea bargain matter. Relying on Strickland v. Washington, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by issue seven counsel also suggests ineffective
assistance of counsel during the punishment phase as an arguable issue. Following a
pretrial hearing on the alleged plea agreement at which testimony was taken from several
prosecutors and from appellant's former attorney, the trial court found that no firm offer was
made. Applying deference to the trial court's determination of historical facts, State v.
Ross, 32 S.W.3d 853, 856 (Tex.Cr.App. 2000), we do not disturb the ruling of the trial court
in this regard. Further, the record is silent regarding any alleged deficiency in the
representation appellant received during the punishment phase. An allegation of
ineffective assistance of counsel will be sustained only if firmly founded in the record. 
Mercado v. State, 615 S.W. 2d 225, 228 (Tex.Cr.App. 1981). Thus, because appellant
cannot overcome the strong presumption that counsel's conduct fell within a wide range
of reasonable professional representation, no reversible error is established. Strickland,
466 U.S. at 689. Issues one, two, and seven are overruled.

 By issues four, five, and six, counsel suggests the trial court erred in overruling his
objections to various questions by the State on the grounds of leading questions or
hearsay responses. The determination of whether to admit evidence is within the
discretion of the trial court and its ruling will not be disturbed absent an abuse of discretion. 
Montgomery v. State, 810 S.W.2d 372, 390 (Tex.Cr.App. 1990). On the face of the record,
we find no abuse of discretion. Moreover, even if the trial court erroneously admitted this
evidence, any error would be harmless because of appellant's judicial confession and
evidence stipulations signed before the punishment phase. Issues four, five, and six are
overruled.

 By issue three, counsel suggests the trial court erred in not requiring the minor
victim to testify from a position where appellant could see the witness. However, appellant
waived his right to require the appearance, confrontation and cross examination of
witnesses by signing the written plea admonishments. See Tex. Code Crim. Proc. Ann.
art. 1.14 (Vernon Supp. 2002). Moreover, a defendant's right to face-to-face confrontation
of a complaining witness is not absolute. Marx v. State, 987 S.W.2d 577, 580 (Tex.Cr.App.
1999), cert. denied, 528 U.S. 1034, 120 S.Ct. 574, 145 L.Ed.2d 436 (1999). Limitations
may be placed on this right when denial of such confrontation is necessary to further an
important public policy and the reliability of the testimony is otherwise assured. Id. If the
State makes an adequate showing of necessity, the State's interest in protecting child
witnesses from the trauma of testifying in a child abuse case is sufficiently important to
justify the use of a special procedure that permits a child witness in such cases to testify
at trial against a defendant in the absence of face-to-face confrontation with the defendant. 
Id. Here, the minor victim was allowed to testify from within the courtroom in the general
view of appellant, and his counsel was permitted to move his chair anywhere near the child
he wanted during her testimony. Issue three is overruled.

 By issue eight, counsel suggests the trial court erred in assessing punishment of this
magnitude on the grounds of judicial vindictiveness and/or bias. Counsel relies upon the
holding of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969),
overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d
865 (1989), and its progeny which stand for the proposition that if, after a reversal and
remand, a trial judge imposes a sentence more severe than that originally assessed, to
prevent judicial vindictiveness, the reasons for his doing so must affirmatively appear. Id.
at 726. A defendant's due process rights are violated if after a successful appeal the
defendant is resentenced vindictively in response to the defendant's assertion of his right
to appeal. Johnson v. State, 930 S.W.2d 589, 592 (Tex.Cr.App. 1996). However, in an
instance such as this one in which the alleged vindictiveness occurs during the punishment
phase of the initial trial, the Pearce presumption of vindictiveness is not applicable. 
Jackson v. State, 766 S.W.2d 518, 521 (Tex.Cr.App. 1988). A trial court is vested with a
great degree of discretion in imposing an appropriate sentence. Jackson v. State 680
S.W.2d 809, 814 (Tex.Cr.App. 1984) (en banc). A penalty imposed within the range of
punishment established by the Legislature should not be disturbed on appeal. Nunez v.
State, 565 S.W.2d 536, 538 (Tex.Cr.App. 1978). Appellant's sentence of 99 years
confinement and a $10,000 fine is within the punishment range allowed by statute. See
Tex. Pen. Code Ann. § 12.32 (Vernon 1994). On the face of the record we find no judicial
vindictiveness. Issue eight is overruled.

 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
nonfrivolous issues and agree with counsel that the appeal is without merit and is,
therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice



Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).