*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


★ ★ ★ ★ ★ ★ ★



# MEMORANDUM OPINION

No. 04-10-00708-CR

Donta Daray **AUBRETY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR5415
Honorable Ron Rangel, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  November 2, 2011

MOTION TO WITHDRAW GRANTED; AFFIRMED AS REFORMED

A jury found appellant Donta Daray Aubrety guilty of robbery and found the enhancement allegations true.[1]  The trial court sentenced Aubrety to twenty-seven years confinement.  Aubrety's appointed appellate counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967) and a motion to withdraw.  Thereafter, Aubrety filed a pro se

---

[1] The judgment reflects Aubrety pled "true" to the enhancement allegations.  This is incorrect.  Accordingly, we will reform the judgment to reflect that Aubrety pled "not true" to the enhancement allegations.

brief in which he contends he received ineffective assistance of counsel. We affirm the trial court's judgment as reformed.

## BACKGROUND

The record shows the complainant, Katherine Klingensmith, went to a football game with a friend and Aubrety, who was the friend's boyfriend. After the game, Klingensmith went to the home shared by her friend and Aubrety. According to Klingensmith, Aubrety was in a bad mood, which had begun while they were at the game. Aubrety wanted Klingensmith to call her ex-boyfriend. When she refused, Aubrety took her cell phone. Both Klingensmith and her friend asked Aubrety to return the phone, but he refused.

When Aubrety refused to return the phone, Klingensmith admitted she attempted to hit Aubrety, missed, and then tried again. On her second attempt, she hit him in the face, prompting Aubrety to punch Klingensmith twice in the face. The two then struggled over Klingensmith's purse. Aubrety gained control of the purse and threw it into the yard. He then retrieved the purse and put it in his car. When he tried to leave, Klingensmith began "punching him in the back of his head," insisting he return her purse and phone. Aubrety struck Klingensmith again, knocking her to the ground.

Aubrety left in his car, and Klingensmith and her friend followed in their own vehicle. Eventually, the police were contacted and a robbery report was filed. Although Aubrety gave the purse to a mutual friend who returned it to Klingensmith, Klingensmith testified Aubrety did not return several items.

At trial, Aubrety testified and admitted taking Klingensmith's phone and her purse without permission; he also admitting hitting Klingensmith. However, Aubrety explained he did not intend to rob Klingensmith and only took the phone to prevent Klingensmith from calling

police as he was on "parole for family violence." He explained he took the purse only to retrieve some marijuana he had placed in the purse earlier in the evening. He stated he hit Klingensmith because she put herself in "a man's position" by hitting him first.

The jury found Aubrety guilty of robbery. After the trial court entered judgment, Aubrety perfected this appeal. As noted above, his court-appointed appellate attorney filed an *Anders* brief, stating she could find no arguable grounds for the appeal and asking to withdraw as counsel. As is his right, Aubrety filed a pro se brief. Accordingly, we will review those contentions raised by Aubrety in his brief.

## ANALYSIS

In his brief, Aubrety raises a single issue in which he contends his trial counsel was ineffective, describing several errors allegedly committed by trial counsel. Aubrety's brief is not a model of clarity, and as best we can determine, he contends his counsel was ineffective because: (1) he failed to file a motion to suppress the out-of-court identification of Aubrety, which tainted the photo identification; (2) he refused to sign or set certain pretrial motions for hearing that were prepared by Aubrety, including a speedy trial motion; (3) he allowed the court to hold a hearing in Aubrety's absence concerning the State's motion to amend the indictment to include an alleged alias; and (4) he failed to properly cross-examine Klingensmith to point out inconsistencies in her testimony and statements to police, and compounded the error by neglecting to highlight the inconsistencies in the closing argument.

To establish ineffective assistance of counsel, a defendant must prove by a preponderance of the evidence that his trial counsel's performance was deficient and the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To prove deficient performance, the defendant must show

counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). There is a strong presumption that "counsel's conduct fell within a wide range of reasonable representation," *see Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005), and to overcome this presumption, the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. In other words, ineffectiveness must be firmly founded in the record. *Id*.

Assuming the defendant is able to demonstrate ineffectiveness, he must then prove prejudice by showing there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 812. A reasonable probability is one sufficient to undermine confidence in the outcome of the trial. *Id*.

If the defendant fails to prove both *Strickland* prongs, his ineffective assistance of counsel claim is defeated. *Id.* at 813. Absent proof of both prongs, we cannot conclude the conviction resulted from a breakdown in the adversarial process that rendered the outcome unreliable. *Id.* We will look to the totality of the representation and the particular circumstance in each case in evaluating counsel's effectiveness. *Id.*

We have reviewed the record in this case and find it is silent as to why Aubrety's trial counsel made the decisions and took the courses of action complained of by Aubrety. The record provides no discernible motivation behind counsel's decisions–whether they were of "strategic design or the result of negligent conduct." *See id.* at 814. As allegations of ineffectiveness must be firmly founded in the record, we hold Aubrety has failed to rebut the presumption that his trial counsel acted reasonably with regard to all of Aubrety's specific complaints. "Failure to make the required showing of . . . deficient performance . . . defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700.

In this case, as in a majority of cases in which counsel's performance is challenged, the record is simply insufficiently developed and does not adequately reflect the alleged failings of trial counsel. *Id.* at 813-14. Moreover, this is not a case where the alleged errors committed by counsel have previously been determined to constitute ineffectiveness per se. *See, e.g., Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App. 1985) (failure of trial counsel to advise appellant that trial court should assess punishment), *modified on other grounds on remand from United States Supreme Court*, 766 S.W.2d 518 (Tex. Crim. App. 1998); *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991) (failure to challenge void prior conviction used to enhance punishment).

Given the strong presumption that trial counsel acted reasonably and professionally, and the absence of anything in the record before us to overcome this presumption, we overrule Aubrety's ineffective assistance of counsel claim.

### CONCLUSION

Based on the foregoing, we hold Aubrety has failed to prove by a preponderance of the evidence that his counsel's performance was deficient. Given Aubrety has failed to overcome the first prong of *Strickland*, we need not determine whether the result would have been different but for counsel's actions. We note, as we did above, that the judgment incorrectly states Aubrety pled "true" to the enhancement paragraphs. Accordingly, we reform the judgment to reflect that Aubrety pled "not true," but as reformed, affirm the trial court's judgment. We further grant the motion to withdraw filed by Aubrety's appointed appellate counsel.

Marialyn Barnard, Justice

Do Not Publish