**Affirmed and Memorandum Opinion filed December 15, 2020.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-18-00920-CR

---

### SARINA SANCHEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 399th Judicial District Court
### Bexar County, Texas
### Trial Court Cause No. 2013CR11692

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant of intoxication manslaughter and assessed punishment at 20 years' imprisonment. She complains on appeal of prosecutorial vindictiveness and ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant hit Charles White with a car as he was walking on the side of the road with his family. He died from his injuries. The State charged appellant with intoxication manslaughter. She pleaded guilty and was sentenced to 15 years'

imprisonment under a plea-bargain agreement with the State. She did not appeal.

Later, she applied for a writ of habeas corpus contending she was deprived of her constitutional right to counsel. The Court of Criminal Appeals granted her application, vacated her conviction, and remanded the case for a new trial.

On remand, appellant chose to go to trial and elected the jury to assess punishment. The jury assessed the maximum term of confinement: 20 years. The trial court signed a judgment on the jury's verdict and punishment assessment. Appellant appealed from that judgment.[1]

## ANALYSIS

## I.    Prosecutorial vindictiveness

In her first issue, appellant complains of prosecutorial vindictiveness based on the prosecutor's statements to the jury that it should impose the maximum sentence. A constitutional claim of prosecutorial vindictiveness may be established in either of two ways: (1) proof of circumstances that pose a realistic likelihood of such misconduct sufficient to raise a presumption of prosecutorial vindictiveness which the state must rebut or face dismissal of the charges; or (2) proof of actual vindictiveness, that is, direct evidence that the prosecutor's charging decision is an unjustifiable penalty resulting solely from the defendant's exercise of a protected legal right. *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004).

A defendant must preserve error regarding prosecutorial vindictiveness. *Id.* at 175. To preserve a complaint for appellate review, a party must lodge a timely, specific objection, and the trial court must rule on the objection. Tex. R. App. P. 33.1(a). Appellant did not object to the prosecutor's statements, object to the jury's

---

[1] The Supreme Court of Texas transferred this case to our court from the Fourth Court of Appeals. *See* Tex. Gov't Code § 73.001. We are unaware of any conflict between precedent of the Fourth Court of Appeals and that of this court on any relevant issue. *See* Tex. R. App. P. 41.3.

2

assessment of 20 years' imprisonment, object when the trial court pronounced sentence, or raise prosecutorial vindictiveness in a motion for new trial. We hold she has not preserved this complaint for review.

We overrule appellant's first issue.

## II.    Ineffective assistance of counsel

In her second issue, appellant asserts her trial lawyer rendered ineffective assistance of counsel by failing to advise her fully in her election of judge or jury to assess punishment. To prevail on a claim of ineffective assistance, an appellant must show (1) counsel's performance was deficient by falling below an objective standard of reasonableness, and (2) counsel's deficiency caused the appellant prejudice—that is, there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). An appellant must satisfy both prongs by a preponderance of the evidence. *Perez*, 310 S.W.3d at 893. Failure to demonstrate either deficient performance or prejudice will defeat the claim of ineffective assistance. *Id.*; *see also Strickland*, 466 U.S. at 697.

The Supreme Court held in *North Carolina v. Pearce*, 395 U.S. 711 (1969), that a judge violates a defendant's due process by imposing a higher sentence on retrial than he imposed in the first trial if the increase is motivated by the judge's vindictiveness. *Id.* at 725. Such vindictiveness is presumed unless the judge's reasons for the higher sentence affirmatively appear in the record. *See id.* at 726. The Supreme Court clarified *Pearce*'s applicability and the contours of its presumption of vindictiveness in several opinions. *See Chaffin v. Stynchcombe*, 412 U.S. 17 (1973) (*Pearce* does not apply when sentence on retrial is assessed by a jury rather than the judge); *Alabama v. Smith*, 490 U.S. 794 (1989) (*Pearce* presumption does

not apply when the sentence imposed after a trial was greater than the sentence previously imposed after a guilty plea); *Texas v. McCullough*, 475 U.S. 134 (1986) (*Pearce* presumption does not apply when a judge decides, as opposed to being ordered by a reviewing court, to conduct a new trial, and when a different judge presides over the second trial).

Appellant contends her trial lawyer did not tell her the ceiling for judge-assessed confinement would have been 15 years under *Pearce*, and his failure to do so fell below an objective standard of reasonableness.[2] The Court of Criminal Appeals rejected a similar argument in *Jackson v. State*, 766 S.W.2d 518 (Tex. Crim. App. 1988). In Jackson's first trial, the judge sentenced him to 15 years' imprisonment. The judge later granted Jackson a new trial. A different judge presided over Jackson's second trial. Jackson elected the jury to assess punishment in the second trial, and it assessed 25 years' imprisonment. *See id.* at 519. Jackson complained his lawyer in the second trial provided him ineffective assistance of counsel by advising him to have the jury assess punishment, because *Pearce* would have prohibited the judge from exceeding the 15-year sentence from the first trial. *Id.* The court recognized it must first decide whether *Pearce* applied to Jackson's case: "Simply put, if *Pearce* was not applicable to the facts of the case it would not have been ineffective assistance of counsel for appellant's counsel to have failed to inform appellant that *Pearce* did apply." *Id.* at 521.

---

[2] Appellant did not raise this issue to the trial court until this appeal was underway. We previously abated the appeal and ordered the trial court to conduct a hearing regarding appellant's failure to file a brief. *See* Tex. R. App. P. 38.8(b). At that hearing, appellant testified she elected the jury to assess punishment because her trial lawyer told her to do so, and he did not inform her about the *Pearce* rule. Following her testimony, the trial judge said, "[J]ust for the record, I understand this testimony is outside of what the Fourteenth Court asked for, but defense counsel was insistent on putting this on the record. I was going to try to separate them up. But since we already have her here in custody [I'm] letting you make that record." Our ruling on the merits of appellant's issue should not be construed as an inclusion of appellant's testimony at the brief hearing into the appellate record.

The Court of Criminal Appeals likened the facts in Jackson's case to those in *Texas v. McCullough.* In both cases, the judge in the first trial granted a new trial, and in both cases a new judge presided over the second trial. *See id.* at 521. "To presume vindictiveness from these facts would be speculative. If the new judge had been called upon to assess punishment, there would have been 'different sentencers' and the *Pearce* presumption would not apply." *Id.*

We must decide if the *Pearce* presumption applies in this case. The State believes it does; its appellate brief states, "Unquestionably, had the judge assessed punishment, Appellant could not have received more than a 15 year sentence." We disagree.

First, like *Alabama v. Smith*, this case involves a sentence after a trial as compared to a sentence after a guilty plea. The Supreme Court held the *Pearce* presumption does not apply in that situation because "there are enough justifications for a heavier second sentence that it cannot be said to be more likely than not that a judge who imposes one is motivated by vindictiveness." 490 U.S. at 802. For example, relevant sentencing information available to the judge after a guilty plea will usually be considerably less than that available after a trial, and leniency shown in response to a guilty plea may no longer be appropriate. *See id.* at 801. Second, as in *Texas v. McCullough* and *Jackson*, the judge who sentenced appellant after accepting her guilty plea was not the same judge who presided over her second trial.[3] She would have had different sentencers had she elected the judge to assess punishment. Third, appellant's conviction was vacated by the Court of Criminal Appeals for reasons unrelated to how the first judge handled appellant's case.[4] There

---

[3] In fact, two judges presided over appellant's second trial. The Honorable Laura Parker presided over the guilt-innocence phase, and the Honorable Dick Alcala presided over the punishment phase. Judge Alcala signed the judgment.

[4] Appellant was represented in her first case by Mark Henry Benavides. She alleged in her habeas

is no basis to presume judicial vindictiveness. The *Pearce* presumption of vindictiveness does not apply in this case.

Because the *Pearce* presumption does not apply, appellant's trial lawyer's silence regarding *Pearce* is not ineffective assistance of counsel. *Jackson*, 766 S.W.2d at 521. We overrule appellant's second issue.

## CONCLUSION

We affirm the trial court's judgment.


/s/  Ken Wise
    Justice

Panel consists of Justices Wise, Jewell, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2

---

application that Benavides forced her to have sex with him and implied he would have the judge impose a higher sentence if she did not. The State, the trial court, and the Court of Criminal Appeals all agreed appellant was entitled to habeas relief. *See Ex parte Sanchez*, NO. WR–84,238–01, 2017 WL 3380147 (Tex. Crim. App. June 28, 2017) (per curiam) (not designated for publication). Benavides was later convicted of six counts of continuous trafficking of persons and sentenced to 80 years in prison. His conviction was affirmed. *Benavides v. State*, No. 04-18-00273-CR, 2019 WL 5580260 (Tex. App.—San Antonio Oct. 30, 2019, pet. ref'd) (mem. op., not designated for publication). The *Benavides* opinion does not indicate whether appellant was one of the six complainants.